# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**NY @ ROUTE 9 LIMITED PARTNERSHIP,**

    Plaintiff,

**v.**                                                                       **CIVIL ACTION NO.: 3:16-CV-63**
                                                                          **(GROH)**

**ESSROC CEMENT CORPORATION,**
as successor by merger to
Capitol Cement Corporation,

    Defendant.

## **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

The Plaintiff, NY @ Route 9 Limited Partnership, seeks to enforce the terms of an easement agreement, the purpose of which was to allow the Defendant, Essroc Cement Corporation, to improve a roadway adjacent to the Plaintiff's property. In addition, the Plaintiff alleges that the Defendant continues to occupy and possess the easement area and a portion of the adjacent roadway in violation of the Plaintiff's ownership rights. The Defendant moves to dismiss the Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Upon consideration, this Court finds that the Plaintiff has pleaded insufficient facts and has failed to state a claim for breach of contract and for declaratory judgment. Furthermore, the Plaintiff's formulaic recitations of the elements of trespass and ejectment, without any factual support, are insufficient and cannot survive the Defendant's motion. Accordingly, the Court **ORDERS** that the Defendant's Motion to Dismiss [ECF No. 8] is **GRANTED**. The Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

## I. Background

### A. Procedural History

This civil action was initiated on March 3, 2016, when the Plaintiff filed its complaint in the Circuit Court of Fairfax County, Virginia. Shortly thereafter, the complaint was served on the Defendant, who timely removed this case to the United States District Court for the Eastern District of Virginia. Immediately after removing this case to federal court, the Defendant filed a Motion to Transfer Venue [ECF No. 4], asserting that the Northern District of West Virginia was the proper venue for the Plaintiff's claims. Soon after filing that motion, the Defendant filed the instant Motion to Dismiss [ECF No. 8]. The Defendant's Motion to Dismiss was originally styled as a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim) and Rule 12(b)(3) (improper venue). On May 13, 2016, the Honorable Leonie M. Brinkema, United States District Judge for the Eastern District of Virginia, issued an order granting the Defendant's Motion to Transfer Venue and denying as moot the Defendant's Motion to Dismiss [ECF No. 18]. Three days later, Judge Brinkema issued a second order [ECF No. 21], clarifying that her order denying as moot the Defendant's Motion to Dismiss did not resolve the Rule 12(b)(6) portion of the Defendant's motion. Accordingly, the Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) is now pending before this Court.

### B. Factual Background

The Plaintiff, NY @ Route 9 Limited Partnership, is a partnership operating out of Falls Church, Virginia. At all times relevant to the instant dispute, the Plaintiff was the

owner of a piece of real property located near the intersection of West Virginia Route 9 ("Route 9") and New York Avenue in Martinsburg, West Virginia. The Defendant, Essroc Cement Corporation, as successor by merger to Capitol Cement Corporation, was and is the owner of a piece of real property in the same area of Martinsburg. Route 9 is a heavily-trafficked road that runs through the Martinsburg area. New York Avenue intersects Route 9 and provides access to both parties' properties. The Defendant operates a cement manufacturing plant on its property.

Pertinent to the instant dispute, there is currently an entrance to the Defendant's plant located at the end of New York Avenue, adjacent to the tract of land owned by the Plaintiff. This was, apparently, not always the case. Historically, the Defendant and its predecessor utilized a different road as the primary method of accessing the subject property. On June 30, 2008, the Plaintiff and the Defendant entered into an agreement under which the Defendant, in exchange for valuable consideration, was permitted to use a portion of the Plaintiff's property in order to "excavate, grade and construct and improve New York Avenue" and the berm areas of the roadway on the Plaintiff's property. The explicit purpose of the easement, as memorialized in a Deed of Easement signed by the parties' representatives, was to "provide access to/from State Route 9 to [the Defendant's] property." The Deed of Easement was filed as an exhibit to the Plaintiff's complaint.

A map, labeled as Exhibit A and attached to the Deed of Easement, illustrates the easement's boundaries. The easement ran parallel to New York Avenue, on the side of New York Avenue where the Plaintiff's property is located. The Deed of Easement provided that "[t]he term for the aforesaid easement shall be for a period of nine months from the execution hereof, or until such grading and construction has been complete [sic],

whichever occurs first." The Defendant argues that the nine-month easement expired, at the latest, in early 2009. The Deed of Easement and the allegations in the Plaintiff's complaint support the Defendant's timeline.

On March 3, 2016, the Plaintiff brought this lawsuit against the Defendant. In its complaint, the Plaintiff alleges that in the years since the easement expired the Defendant has failed to fulfill several affirmative duties allegedly established by the deed of easement, amounting to a breach of contract. The Plaintiff also alleges that the Defendant "converted New York Avenue to be the primary point of access" from Route 9 to the Defendant's property. The Plaintiff argues that the Defendant's "use, occupancy and/or possession" of New York Avenue and the former easement area amounts to an unauthorized trespass.

According to the Plaintiff, New York Avenue is a private road. Under the Plaintiff's interpretation of the law, this makes the Plaintiff the owner of the portion of New York Avenue that abuts its property, out to the middle of the road.[1] As the Plaintiff frames it, the Defendant's continuous "use, occupancy and/or possession of the portion of New York Avenue owned by Plaintiff, as well as the Easement area," is unauthorized and is sufficient to warrant relief on the Plaintiff's claims of trespass, ejectment and declaratory judgment. The Plaintiff further requests a permanent injunction ordering the Defendant to vacate the easement area and the portion of New York Avenue allegedly owned by the Plaintiff.

---

[1] The Plaintiff's specific legal argument is that New York Avenue is a private road and that, as the owner of a piece of real property which shares a boundary with a private road, the Plaintiff has a possessory interest in the portion of the road that abuts its property. In support of this position, the Plaintiff relies on MacCorkle v. City of Charleston, 142 S.E. 841, 843 (W. Va. 1928), wherein the Supreme Court of Appeals of West Virginia stated that a conveyance of land bounded on a public or private roadway carries an inference of ownership to the center of the roadway, absent an express declaration in a deed indicating that the grantor intended to retain the interest in the roadway after the property was transferred. The Plaintiff's complaint does not reference any deed or any manner in which the transfer of its property may or may not have affected the Plaintiff's ownership interest in New York Avenue.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. See Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To that end, Federal Rule of Civil Procedure 8 articulates a pleading standard which "does not require detailed factual allegations, but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement" does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted). A party is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557). "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). When reviewing a complaint's sufficiency under Rule 12(b)(6), a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

### III. Discussion

#### A. Breach of Contract

Although the term of the easement expired more than seven years ago, the Plaintiff alleges that the Defendant breached the easement contract when the Defendant failed to perform several continuing duties. According to the Plaintiff, the Defendant's responsibility to perform those duties extended beyond the nine-month term of the easement. Specifically, the Plaintiff's complaint contains allegations that the Defendant "ignored (and ha[s] refused to acknowledge the existence of) the obligation to maintain and not adversely impact New York Avenue or the Easement area on an ongoing basis," and that the Defendant "failed to execute a release of [its] rights to the Easement and further failed to file such release in the Berkeley County Clerk's Office." In addition, the Plaintiff alleges that it "made numerous efforts to locate evidence that [the Defendant] applied for and obtained the necessary governmental approvals for the Road Improvements along New York Avenue, to no avail." In count one of its complaint, the Plaintiff incorporates these allegations by reference and states that the "Defendant's conduct, as aforesaid, constitutes a material breach of the Deed of Easement." The Plaintiff states that it "has been damaged

as a direct and proximate result of the breach," and it requests $250,000 in monetary damages.

In support of its Motion to Dismiss, the Defendant argues that the Plaintiff cannot make out a claim for breach of the easement agreement because the easement agreement expired over seven years ago and because the Plaintiff does not allege that the Defendant breached any of its obligations during the term of the easement. In addition, the Defendant asserts that the Plaintiff has failed to allege any facts that would establish a breach of any continuing duty under the easement contract, if any continuing duty existed.

Upon review of the Plaintiff's complaint and the Deed of Easement attached thereto, the Court finds that the allegations in the complaint cannot support a claim for breach of contract. Even if the Plaintiff's allegations were reconcilable with the fact that the term of the easement expired more than seven years ago, the Court would still be obligated to find that the Plaintiff has pleaded insufficient facts in support of its allegations of any alleged breach. As discussed above, the "facts" section of the Plaintiff's complaint references three potential breaches of the Defendant's continuing duties under the Deed of Easement.[2] The Plaintiff alleges that it made "numerous efforts to locate evidence that [the Defendant] applied for and obtained the necessary governmental approvals for the Road Improvements along New York Avenue, to no avail." This allegation is insufficient to

---

[2] The Plaintiff's response in opposition to the Defendant's Motion to Dismiss includes several additional allegations regarding the Defendant's breach of its duties under the terms of the easement contract. These allegations are not contained in the Plaintiff's complaint. But even if they were, the Court would still find that the Plaintiff has failed to state a claim for breach of contract. Like the allegations that appear in the Plaintiff's complaint, the alleged instances of failure to perform referenced in the Plaintiff's response brief are not accompanied by any factual allegations that could demonstrate entitlement to relief. For example, the Plaintiff argues that the Defendant was obligated to "repair and replace the surface, sub-surface, trees, and fences 'as reasonably necessary.'" But nowhere in its complaint or in its response to the Motion to Dismiss does the Plaintiff allege that any trees, fences or portions of the surface or sub-surface were damaged or ever needed to be repaired or replaced.

7

support a claim for breach of contract for multiple reasons. First, the Plaintiff does not allege that any governmental approvals were actually necessary. Second, the Plaintiff does not allege that any necessary approvals were not obtained. Instead, the Plaintiff argues that it made "numerous efforts to locate evidence" of governmental approvals "to no avail." The Plaintiff has picked out a provision of the Deed of Easement and alleged a breach of that provision, but the Plaintiff has not provided any factual allegations relevant to the purported breach.

Similarly deficient is the Plaintiff's allegation that the Defendant "failed to execute a release of [its] rights to the Easement and further failed to file such release in the Berkeley County Clerk's Office." The Defendant's alleged obligation to obtain a release of its rights allegedly stems from the following language found in the Deed of Easement: "Capitol shall execute such releases of its rights here under at the end of the construction period as may be appropriate for recording in the Berkeley County Clerk's Office." Again, the Plaintiff's position on this issue is confined to its one-sentence allegation, with no factual support. Importantly, the Plaintiff does not allege that any release was appropriate or necessary, only that the Defendant did not obtain one.

Finally, the Plaintiff asserts that the Defendant has "ignored (and ha[s] refused to acknowledge the existence of) the obligation to maintain and not adversely impact New York Avenue or the Easement area on an ongoing basis." As with the Plaintiff's other assertions, the complaint contains no relevant factual allegation that could support such a claim. For that matter, it is not clear which contractual obligation the Plaintiff meant to reference in this count of its complaint. Section 2(B) of the Deed of Easement provides that "[e]xisting storm water and natural drainage of surface water patterns for the easement

8

premises and the residue of the Grantor's property shall be protected at all times both during *and after* construction." (emphasis added). The Plaintiff's complaint, however, makes no reference to any issues involving storm water or drainage. Indeed, the complaint does not reference *any* failure to maintain the easement. The Plaintiff does not allege any act or failure to act that could constitute a breach of the easement agreement. Accordingly, the Court must find that the Plaintiff has failed to state a claim upon which relief can be granted on count one of the Plaintiff's complaint.

### B. Trespass and Ejectment

Counts two and three of the Plaintiff's complaint cannot survive under the standard articulated by the Supreme Court in Twombly and Iqbal. "In West Virginia, common law trespass is 'an entry on another man's ground *without lawful authority*, and doing some damage, however inconsiderable, to his real property.'" Whiteman v. Chesapeake Appalachia, L.L.C., 729 F.3d 381, 386 (4th Cir. 2013) (quoting Hark v. Mountain Fork Lumber Co., 34 S.E.2d 348, 352 (W. Va. 1945)); see also Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88, 96 (4th Cir. 2011) ("Under West Virginia law, to constitute a trespass, the defendant's conduct must result in an actual, nonconsensual invasion of the plaintiff's property, which interferes with the plaintiff's possession and use of that property.") (citing Hark, 34 S.E.2d at 352). Here, the Plaintiff alleges that the Defendant is liable for trespass because it "continues to occupy and possess the portion of New York Avenue owned by Plaintiff, as well as the Easement area, without authority and after having been forbidden to do so." The Plaintiff goes on to allege that the Defendant's "use, occupancy and/or possession of the portion of New York Avenue owned by Plaintiff, as well as the Easement area, is without right, authority or invitation." In its Memorandum in Support of

9

its Motion to Dismiss, the Defendant contends that the Plaintiff has not provided "any factual allegation of misconduct by the Defendant" and instead "solely restates the elements" of the tort of trespass.[3] Moreover, the Defendant takes issue with the fact that the Plaintiff does not provide any factual bases for its claimed damages. The Plaintiff avers that it has suffered "irreparable harm" and that it "has been damaged" by the Defendant's conduct—and the Plaintiff seeks $250,000 on each of counts one, two and three—but the Plaintiff does not provide any factual allegation concerning the nature of any alleged harm.

Upon consideration, the Court finds that the Plaintiff has indeed failed to state a claim upon which relief can be granted for trespass under West Virginia law. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient under Rule 8 and Rule 12(b)(6). Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). In count two of the Plaintiff's complaint, the Plaintiff avers that the Defendant "continues to occupy and possess" the Plaintiff's property, and the Plaintiff repeatedly emphasizes that such "use, occupancy and/or possession" is unauthorized. Apart from these formulaic recitals of the types of conduct that could constitute a trespass, the only factual allegation pertinent to the Plaintiff's trespass claim is the Plaintiff's assertion that the Defendant "converted New York Avenue to be the primary point of access" from Route 9 to the Defendant's property. The Plaintiff does not provide any factual allegation that could demonstrate how or in what way the Defendant has trespassed on the Plaintiff's property. The Plaintiff's allegations do not rise above the type of "unadorned, the-defendant-

---

[3] The Defendant notes that the Plaintiff "fails to even give notice to Defendant if these actions are being alleged disjunctively or conjunctively," as the Plaintiff has alleged that the Defendant's "use, occupancy and/or possession" is unauthorized.

unlawfully-harmed-me" accusations that are insufficient under Iqbal. Id.

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Twombly, 550 U.S. at 555. But a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions. Id. Here, the Plaintiff does not provide any factual allegations that, when taken as true, could show how the Defendant's conversion of New York Avenue into its primary point of access amounted to an unauthorized trespass. The Plaintiff alleges an ownership interest in the portion of New York Avenue that abuts its property, stretching to the middle of the road. But even when viewing the facts alleged in the complaint in the light most favorable to the Plaintiff, the Defendant would still be able to traverse New York Avenue without offending the Plaintiff's property rights. Stated another way, the Plaintiff alleges (1) that the Defendant converted New York Avenue to serve as its primary point of access to the Defendant's property, and (2) that the Plaintiff owns half of a small portion of New York Avenue. In order to survive the Defendant's Rule 12(b)(6) motion, the Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. Here, because the Court is left to speculate as to the potential factual bases for the Plaintiff's trespass claim, the allegations contained in the Plaintiff's complaint do not meet the pleading standard.

Count three of the Plaintiff's complaint, alleging ejectment, fails for the same reasons as the Plaintiff's trespass claim. In West Virginia, "[e]jectment is an action for the protection of one with good legal title to the land who is entitled to immediate possession." Marthens v. B & O R.R. Co., 289 S.E.2d 706, 712 n.2 (W. Va. 1982). For example, ejectment has been asserted "in cases where there is an adverse possessor who has not yet possessed

the premises in question for the period of the statutory bar," and "where the location of a boundary line is in dispute." Id. (citations omitted). Here, the Plaintiff alleges that the Defendant "has unlawfully possessed Plaintiff's property, as aforesaid, despite Plaintiff's superior title and right of possession to the Easement and New York Avenue." But as with its trespass claim, there is no factual allegation in the complaint to support the Plaintiff's unadorned ejectment claim. The Plaintiff's allegation regarding its ownership of the easement property and half of a portion of New York Avenue, and its nebulous reference to the Defendant's unlawful possession, devoid of further factual enhancement, cannot support a claim for ejectment.[4]

Of course, "Iqbal and Twombly do not require a plaintiff to prove his case in the complaint." Robertson v. Sea Pines Real Estate Cos., 679 F.3d 278, 291 (4th Cir. 2012). Instead, the complaint "need only *allege facts* sufficient to *state* elements of the claim." Id. (citation and internal quotation marks omitted). The Plaintiff's complaint fails to meet this standard. The complaint contains legal conclusions and formulaic recitations of the elements or definitions of causes of action. It does not contain factual allegations sufficient to state the elements of its claims.

### C. Declaratory Judgment

Count four of the complaint, as it was filed in the Circuit Court of Fairfax County, Virginia, sought a declaratory judgment under the Virginia Declaratory Judgment Act, Va.

---

[4] In addition to its arguments regarding the Plaintiff's failure to plead sufficient facts, the Defendant raises an equitable estoppel argument, contending that the Plaintiff cannot now seek to preclude the Defendant from using New York Avenue because the Defendant gave valuable consideration to the Plaintiff as part of the easement agreement and because converting New York Avenue into the Defendant's primary point of access to the Defendant's property was the express purpose of the easement agreement. Because the Court dismisses the Plaintiff's complaint due to its lack of factual allegations, the Court does not reach the Defendant's equitable estoppel argument in this Order.

Code Ann. § 8.01-184. In support of its claim for a declaratory judgment, the Plaintiff asserts that the Court should "decide the question of whether ESSROC has the right to use New York Avenue and the Easement." The Plaintiff also requests an order concerning the Defendant's failure to obtain certain governmental approvals, as alleged in the Plaintiff's breach of contract claim. In its reply brief in support of its Motion to Dismiss, the Defendant argues that the Plaintiff's declaratory judgment claim was resolved by the order transferring the instant case to this Court from the Eastern District of Virginia, because this Court cannot sit in the place of a Virginia circuit court for purposes of issuing a ruling under the Virginia Declaratory Judgment Act.

The Defendant misses the target with its argument that the Plaintiff's declaratory judgment claim was resolved when this case was transferred to the Northern District of West Virginia. In the Fourth Circuit, when a state court declaratory judgment action is removed to federal court, the action is treated as invoking the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 261 n.3 (4th Cir. 2013). Federal courts exercising diversity of citizenship jurisdiction apply state substantive law and federal procedural law, and "[b]oth the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Virginia Code § 8.01-184 are procedural; they do not create or change any substantive rights." Chapman v. Clarendon Nat'l Ins. Co., 299 F. Supp. 2d 559, 562 (E.D. Va. 2004) (citations omitted). Accordingly, "once removed, an action originally filed under Virginia Code § 8.01–184 is treated by the federal court as though it had been filed under 28 U.S.C. § 2201." Id. at 563. After the instant case was removed to the United States District Court for the Eastern District of Virginia, the Plaintiff's

declaratory judgment claim became a federal Declaratory Judgment Act claim, and it was transferred to this Court as such. Therefore, the transfer to the Northern District of West Virginia had no effect on the validity of the Plaintiff's claim.

That being said, the Plaintiff's declaratory judgment claim is still deficient. Section 2201 provides that "[i]n a case of actual controversy within its jurisdiction," a district court may, with limited exceptions, "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. A federal court's power to adjudicate declaratory judgment claims may be exercised in the court's discretion, but a court may decline jurisdiction only for an appropriate reason. Chapman, 299 F. Supp. 2d at 563. When proper, a declaratory judgment action should "serve a useful purpose in clarifying and settling the legal relations in issue" and should be able to "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937).

With these general principles as a guide, "[i]t follows that a declaratory judgment is 'unavailable in situations where . . . claims and rights asserted have fully matured, and the alleged wrongs have already been suffered.'" Hanback v. DRHI, Inc., 94 F. Supp. 3d 753, 758 (E.D. Va. 2015) (omission in original) (quoting Trull v. Smolka, No. 3:08cv460, 2008 WL 4279599, at *8 (E.D. Va. Sept. 18, 2008)), aff'd per curiam, No. 15-1434, 2016 WL 1697266 (4th Cir. Apr. 28, 2016). Accordingly, when an alleged breach of contract has already occurred and where potential damages allegedly have already accrued, a declaratory judgment would serve little purpose. Id. (citing The Hipage Co., Inc. v.

Access2Go, Inc., 589 F. Supp. 2d 602, 615 (E.D. Va. 2008)). Such is the case with the Plaintiff's request for a declaratory judgment holding that "CCC and/or ESSROC failed to obtain the proper governmental approvals for their construction activities along New York Avenue." A similar allegation is referenced in count one of the complaint as a basis for an alleged breach of contract, for which the Plaintiff seeks an award of $250,000 because it "has been damaged." Besides the fact that count one of the complaint is hereby dismissed for failure to state a claim, this aspect of the Plaintiff's declaratory judgment claim is improper because it seeks an order concerning conduct that allegedly has already occurred and damages that allegedly have already accrued. Under these circumstances, a declaratory judgment would neither "clarify uncertain legal relations between the parties" nor would it "provide the parties with any guidance for future conduct." Id.

The Court also finds the remainder of the Plaintiff's declaratory judgment claim inadequate. Critically, the Plaintiff has failed to allege facts from which this Court could determine that an actual controversy exists regarding the Defendant's use or prospective use of the Plaintiff's property. For one thing, the Plaintiff does not allege an ownership interest sufficient to exclude other individuals or businesses from New York Avenue. While the Plaintiff does assert an ownership interest in the easement area and in a portion of New York Avenue, the deficiencies identified above—including the fact that the complaint does not provide any factual allegation regarding the Defendant's use of the Plaintiff's property—are similarly fatal to the Plaintiff's attempt to secure a declaratory judgment. It is unclear what the Defendant has done or might do to offend the Plaintiff's property rights, and it is unclear how the Plaintiff has been or might be injured by the Defendant's use of

New York Avenue as its primary point of access to its own property. As the facts are presented in the Plaintiff's complaint, the Court cannot find that an actual controversy exists in this case.

### IV. Conclusion

In count one of its complaint, the Plaintiff alleges breach of contract without pleading any facts that could show how the agreement in question was breached. In counts two and three, the Plaintiff merely recites the elements of trespass and ejectment without providing sufficient factual allegations for either claim. Count four is likewise deficient, and the Court must dismiss the Plaintiff's claim for a declaratory judgment. Accordingly, the Court **ORDERS** that the Defendant's Motion to Dismiss [ECF No. 8] is **GRANTED** and the Plaintiff's complaint is hereby **DISMISSED**. Because the primary reason for dismissal is the Plaintiff's failure to plead sufficient facts in support of each count of its complaint, which the Court perceives as a potentially curable defect, the Court exercises its discretion to order that the complaint is dismissed **WITHOUT PREJUDICE**. Pursuant to the Court's decision to dismiss the complaint without prejudice, the Court hereby grants the Plaintiff **LEAVE TO AMEND** its complaint. The Plaintiff may file an amended complaint within <u>thirty days</u> of the entry of this Order. If the Plaintiff chooses to file an amended complaint, the Defendant may file an answer or other responsive pleading within the time period established in the Federal Rules of Civil Procedure and this Court's Local Rules.

Finding no basis for an award of attorney's fees at this time, the Court **ORDERS** that the Defendant's request for attorney's fees is **DENIED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record

herein.

**DATED**: July 26, 2016

_/s/ Gina M. Groh_
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE